# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROL GERWITT, ) | NO. CV 05-841-E |
| Plaintiff, ) | |
| v. ) | **MEMORANDUM OPINION** |
| JO ANNE B. BARNHART, COMMISSIONER ) OF SOCIAL SECURITY ADMINISTRATION, ) | **AND ORDER OF REMAND** |
| Defendant. ) | |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

## PROCEEDINGS

Plaintiff filed a complaint on February 3, 2005, seeking review of the Commissioner's denial of benefits. The parties filed a consent to proceed before a United States Magistrate Judge on March 15, 2005. Plaintiff filed a motion for summary judgment on

1  July 11, 2005.  Defendant filed a cross-motion for summary judgment
2  on September 9, 2005.  Plaintiff filed a reply brief on September 12,
3  2005.  The Court has taken both motions under submission without oral
4  argument.  See L.R. 7-15; "Order," filed February 8, 2005.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff asserts disability based primarily on alleged pain in her lower back, knees, and feet (Administrative Record ("A.R.") 106).  The Administrative Law Judge ("ALJ") examined the medical record and heard testimony from Plaintiff, a medical expert, and a vocational expert (A.R. 51-82, 126-391).  The ALJ found that Plaintiff's testimony regarding her pain and limitations was not credible (A.R. 20).  In at least partial reliance on this credibility finding, the ALJ denied benefits (A.R. 21-22).  The Appeals Council denied review (A.R. 5-7).

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used proper legal standards.  See Swanson v. Secretary, 763 F.2d 1061, 1064 (9th Cir. 1985).

///
///
///
///

2

**DISCUSSION**

**I.     The Administration's Stated Reason for Rejecting Plaintiff's Testimony Regarding the Severity of Her Pain Is Insufficient Under the Circumstances of This Case.**

When the ALJ determines that a claimant's testimony regarding pain severity is not credible, the ALJ must make "specific, cogent" findings, supported in the record, to justify the ALJ's determination. Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1996); see Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990); Varney v. Secretary, 846 F.2d 581, 584 (9th Cir. 1988).[1]

Plaintiff testified to pain of disabling severity (A.R. 55-59). The ALJ's decision, adopted by the Appeals Council, appears to state only one specific reason for finding Plaintiff's pain testimony not fully credible: "[Plaintiff's] medical history and the objective medical evidence offer no basis for drawing reasonable conclusions regarding the extent of her alleged symptoms" (A.R. 20).

The failure of objective medical evidence fully to corroborate a claimant's excess pain testimony cannot by itself justify discrediting such testimony. See Varney v. Secretary, 846

---

[1] In the absence of evidence of "malingering," some Ninth Circuit cases have applied the arguably more rigorous "clear and convincing" standard. See Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003); Ballard v. Apfel, 2000 WL 1899797 *2 n.1 (C.D. Cal. Dec. 19, 2000) (collecting cases). In the present case, the ALJ's findings do not pass muster under either the "specific, cogent" standard or the "clear and convincing" standard, so the distinction between the two standards (if any) is academic.

1  F.2d 581, 584 (9th Cir. 1988); Cotton v. Bowen, 799 F.2d 1403, 1407
2  (9th Cir. 1986).  Thus, the ALJ failed to include sufficiently
3  specific and cogent findings in the decision to justify the ALJ's
4  rejection of Plaintiff's pain testimony.[2]

**II.    Remand is Appropriate.**

When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation."  INS v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted).  Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision.  McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989); see generally Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984); see also Connett v. Barnhart, 340 F.3d
///
///
///
///
///

871, 876 (9th Cir. 2003) (remand is an option where the ALJ failed to

---

[2] In an attempt to buttress the ALJ's credibility determination, Defendant points to portions of the ALJ's decision that summarize medical records.  Because the ALJ did not link these summaries to the ALJ's credibility determination, however, the Defendant properly cannot now forge the desired link.  See Pinto v. Massanari, 249 F.3d 840, 847 (9th Cir. 2001); Barbato v. Commissioner, 923 F. Supp. 1273, 1276 n.2 (C.D. Cal. 1996); see also Gonzalez v. Sullivan, 914 F.2d 1197, 1201 (9th Cir. 1990) ("[W]e are wary of speculating about the basis of the ALJ's conclusion . . .").

4

1  state sufficient reasons for rejecting a claimant's testimony).[3]

3        LET JUDGMENT BE ENTERED ACCORDINGLY.

5             DATED:  October 4, 2005.


7                            _____/S/_____
                                     CHARLES F. EICK
8                            UNITED STATES MAGISTRATE JUDGE

---

[3]  The Court has not considered any of Plaintiff's other challenges to the Administration's decision, except insofar as to determine that reversal would not be appropriate.

5